IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CITIBANK, N.A., a national banking association,**

**Plaintiff,**

v.

**WELLS FARGO BANK, N.A., a national banking association,**

**Defendant.**

_____/

CASE NO.: _____

## COMPLAINT FOR DAMAGES – BREACH OF WARRANTY/INDEMNITY

### JURY TRIAL DEMANDED

COMES NOW Plaintiff, Citibank, N.A., and complains of Defendant as follows:

1. Plaintiff, Citibank, N.A., at all relevant times, was and is a national banking association, organized and existing under the laws of the United States, with its principal place of business in South Dakota.

2. Defendant, Wells Fargo Bank, N.A., at all relevant times, was and is a national banking association, organized and existing under the laws of the United States, with its principal place of business in California.

### JURISDICTION

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**VENUE**

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because the Defendant conducts business in this district, a substantial part of the events giving rise to this claim occurred in this District and it is believed that the customer account of the Defendant containing the wrongfully received funds is located in this District.

## GENERAL ALLEGATIONS

5.      Plaintiff and Defendant are banks who are participants in the Automated Clearing House ("ACH") Network ("ACH Network.")  Participants in the ACH Network are governed by rules published by the National ACH Association ("NACHA") (the "NACHA Rules").  The ACH Network is a batch processing system.  Rather than sending each payment separately, financial institutions accumulate ACH transactions and sort them by destination for transmission during a predetermined time period.  Instead of using paper to carry necessary transaction information, ACH transactions are transmitted electronically between financial institutions through data transmission.  The NACHA Rules apply to all entries transmitted through the ACH Network.  Moreover, insofar as debit entries involve the account of a consumer, such transactions are governed by Federal Reserve Board, Regulation E, 12 CFR 205 et seq.

6.      The participants in a typical ACH transaction are: (a) the company or individual originating the entry ("Originator"); (b) the Originating Depository Financial Institution ("ODFI"); (c) the ACH Operator, (d) the Receiving Depository Financial Institution ("RDFI"), and (e) the receiving company, employee or customer ("Receiver").  The Originator is the person or entity that agrees to initiate ACH entries into the payment system according to an arrangement with a Receiver.  The ODFI is the institution that receives the payment instruction from an Originator and forwards the entry to the ACH Operator.  The ACH Operator is a central clearing facility that receives entries from ODFIs, distributes the entries to appropriate RDFIs, and performs the settlement functions for the financial institutions.  The RDFI is the Depository Financial Institution that receives ACH entries from the ACH Operator and posts them to the accounts of its depositors ("Receivers").  A Receiver is a customer or an organization that has authorized an Originator to initiate an ACH entry to the Receiver's account with the RDFI.

7.      In this case, Defendant's customer, Florida Prepaid College Board (hereinafter "Florida Prepaid", was the Originator of the ACH debit entry of $95,000.00 on behalf of its own customer.  On information and belief, Florida Prepaid's customer's account was fraudulently accessed by a third party as part of a fraudulent scheme to steal funds from Plaintiff's customer by impersonating Plaintiff's customer. The perpetrator accessed the Florida Prepaid's customer account and added the Plaintiff's Citibank account as an additional account Florida Prepaid's customer account.  Later, a second fraudulent action occurred, and the perpetrator logged into Florida Prepaid's customer account and initiated a contribution from the Plaintiff's customer's Citibank account of $95,000.00 to the Florida Prepaid's customer account.  Plaintiff's customer, in fact, never held an account at Florida Prepaid.  With respect to this debit entry, Defendant acted as the ODFI.  Plaintiff acted as the RDFI and Plaintiff's customer was the Receiver.

8.      On or about March 16, 2020, Defendant received a payment instruction from its customer, Florida Prepaid, for an ACH debit entry in the amount of $95,000.00 and initiated the debit entry to an ACH Operator.  Pursuant to such instructions, the ACH Operator distributed the debit entry to Plaintiff, as RDFI, which automatically posted the debit to the account of its customer, the Receiver.

9.      Subsequently, the parties, including Florida Prepaid, acknowledged that the debits were unauthorized and that Florida Prepaid still retains and is holding the unauthorized $95,000.00 debit.

10.     At the time the debit entries were processed that are the subject of this action, NACHA Rules provided the general warranties and liabilities of ODFIs, among others, as follows:

> ***SUBSECTION 2.4.1 General ODFI Warranties.***
> An ODFI Transmitting an Entry warrants the following to each RDFI and ACH Operator in connection with each Entry at the time of the Entry's Transmission by or on behalf of the ODFI….
>
> ***SUBSECTION 2.4.1.1 The Entry is Authorized by the Originator and Receiver***
> (a) The Entry has been properly authorized by the Originator and the Receiver in accordance with these Rules.
>
> * * *
>
> ***SUBSECTION 2.4.4 General Indemnity by ODFI***
> *SUBSECTION 2.4.4.1 Indemnity for Breach of Warranty*
> An ODFI shall indemnity every RDFI and ACH Operator from and against any and all claims, demands, losses, liabilities, and expenses including attorney's fees and costs, that result directly or indirectly from (a) the breach of any warranty made to such party by the ODFI under these Rules…
>
> *SUBSECTION 2.4.4.2 Indemnity for Failure to Comply with Regulation E*
> An ODFI shall indemnify every RDFI and ACH Operator from and against any claims, demands, losses, liabilities, or expenses, including attorney's fees and costs, based on the ground that the failure of the ODFI to comply with any provisions of these Rules resulted, either directly or indirectly, in the violation by an RDFI of the Federal Electronic Fund Transfer Act or Federal Reserve Board Regulation E.

11.     Because the debit entries alleged above were not authorized by Plaintiff's customer, as Receiver, Defendant, as ODFI in connection therewith, breached its warranty specified above in ¶ 10 and, accordingly, is obligated to indemnify Plaintiff for claims, liabilities and damages, plus costs and attorney's fees in connection with bringing this action.

12.     Plaintiff made demand on Defendant to indemnify Plaintiff. Defendant has failed and refused and continues to fail and refuse to indemnify Plaintiff. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for $95,000.00 in principal, together with interest at the legal rate.

13. Plaintiff has been compelled to retain counsel in order to prosecute its action to enforce its rights against Defendant and has incurred and will continue to incur reasonable attorney's fees according to proof.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

1. For the principal sum of $95,000.00, together with interest from March 16, 2020 until paid in full or date of entry of judgment;

2. For its costs and reasonable attorney's fees incurred herein; and,

3. For such other and further relief as to this Court seems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues triable as such.

DATED: March 15, 2022

JAMES N. BROWN, P.A.
1110 N. Olive Avenue
West Palm Beach, Florida 33401
561-838-9595
Guy@jnbpa.com
Eva-Ruth@jnbpa.com
*Attorneys for Plaintiff*

*Guy E. Quattlebaum*
GUY E. QUATTLEBAUM, ESQ.
Florida Bar: 086185